# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WALKER, PARKER, and POND
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant DAQUAN J. ROUSON**
**United States Army, Appellant**

ARMY 20220319

Headquarters, U.S. Army Combined Arms Support Command
James A. Barkei, Military Judge
Lieutenant Colonel Brent A. Goodwin, Acting Staff Judge Advocate (pretrial)
Colonel Matthew A. Krause, Staff Judge Advocate (post-trial)

For Appellant: Colonel Philip M. Staten, JA; Major Mitchell D. Herniak, JA; Major Amanda Williams, JA (on brief); Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn R. Porter, JA; Major Amanda Williams, JA (on reply brief).

For Appellee: Lieutenant Colonel Jacqueline J. DeGaine, JA; Captain Stewart A. Miller, JA; Major Chase C. Cleveland, JA; (on brief).

1 December 2023

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

POND, Judge:

Appellant requests this court grant appropriate relief for excessive post-trial delay where 275 days elapsed from adjournment to this court's receipt of appellant's 219-page record of trial. Considering the totality of the circumstances, we agree and grant 15 days of sentencing relief.[1]

---

[1] We have given full and fair consideration to the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they merit neither discussion nor relief.

## BACKGROUND

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of two specifications of absence without leave, one specification of larceny, two specifications of wrongful appropriation, and eighteen specifications of fraudulent use of a credit and debit card in violation of Articles 86, 121, and 121a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 921, and 921a. Most of the charges arose from appellant's unlawful use of his friend's military star card and debit card to make over $6,200 worth of purchases at military exchanges, gas stations, liquor stores, restaurants, and grocery stores while his friend and fellow noncommissioned officer was serving a 50-day sentence to confinement. Appellant also plead guilty to stealing and selling two pairs of his friend's Nike Jordan basketball shoes for $500. Appellant later was absent without leave, twice. For appellant's offenses, the military judge sentenced him to a bad-conduct discharge, a total of 93 days confinement, and reduction to the grade of E-1. The military judge credited appellant with 13 days of pretrial confinement credit against the sentence.

Appellant's court-martial adjourned on 14 June 2022. The convening authority took action on 5 August 2022. On 28 November 2022, the court reporter completed the transcript and forwarded the record to the trial counsel for pre-certification review to ensure the record was complete and there were no substantive errors in the transcription. Almost three months later, the trial counsel completed the review and returned the record to the court reporters on 21 February 2023. The military judge received the record for review on 27 February 2023 and authenticated the record the same day. The court reporter certified the record the day after, on 28 February 2023, and forwarded the appellant's record of trial to this court on 3 March 2023.

The Chief of Military Justice stated the post-trial processing delay in appellant's case was due to high personnel turnover, the holiday block leave period, continuing case referral, and a three-month delay for the errata process. During the months the trial counsel was completing errata and the pre-certification review of the record, he "was the lead counsel in a contested case, his brigade was down to one civilian legal assistant, and he experienced an increase in serious investigations."

## LAW AND DISCUSSION

This court reviews claims of excessive post-trial delay de novo. *United States v. Anderson*, 82 M.J. 82, 85 (C.A.A.F. 2022) (citing *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006)). When an appellant shows excessive post-trial

processing, this court has the discretion to determine whether relief is appropriate. *See* UCMJ Art. 66(d)(2).

In determining whether relief is appropriate, this court considers the totality of the circumstances "balancing the interplay between factors such as chronology, complexity, and unavailability, as well as the unit's memorialized justifications for any delay." *United States v. Winfield*, 83 M.J. 662, 666 (Army Ct. Crim. App. 2023). Legitimate justifications of post-trial delay do not include issues with personnel and administration. *United States v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2011). "To allow caseloads to become a factor in determining whether appellate delay is excessive would allow administrative factors to trump the Article 66 and due process rights of appellants." *Moreno*, 63 M.J. at 137 (quoting *Diaz v. JAG of the Navy*, 59 M.J. 34, 38 (C.A.A.F. 2003).

Here, the government took 262 days to process and forward appellant's 219-page record to this Court for review including 85 days for the trial counsel to complete pre-certification of the record. Under the particular facts here, we find the delay excessive for similar reasons the court found in *United States v. Bionaz*, ARMY 20220247, 2023 CCA LEXIS 233 (Arm Ct. Crim. App. 31 May 2023) (sum. disp.), where the trial counsel took over 100 days to review the record.

Appellant alleges he was prejudiced by the government's delay because as a homeless combat veteran, without a DD-214 as proof of his military service, he was unable to obtain employment or medical services. Yet appellants are authorized medical care to the same extent as other Soldiers while their case is pending review. *See, e.g.*, Army Regulation 40-400, Medical Services – Patient Administration, paragraph 3-38(b)(3) (8 July 2014) [AR 40-400] ("Military prisoners on parole pending completion of appellate review or whose parole changes to an excess leave status following completion of sentence to confinement while on parole are members of the military services. Accordingly, they are authorized medical care to the same extent as other soldiers.") Similarly, the lack of a DD-214 is a frustration experienced by every appellant adjudged a punitive discharge pending review before this court. But this court is not unsympathetic to appellant's plight, and an appellant's difficulty finding employment and services without a DD-214 can be exacerbated by the government's dilatory post-trial processing of his or her case.

Considering the totality of circumstances, including the length and reason for the delay in conducting the pre-certification review, and appellant's alleged prejudice, this Court finds relief is appropriate.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Only so much of the sentence as provides for a bad-conduct discharge, 78 days of confinement, and reduction to the grade of E-1 are AFFIRMED.

Senior Judge WALKER and Judge PARKER concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

4